IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN T. STAGNER, | ) |
| Petitioner, | ) Civil Action No. 2:20-cv-372 |
| v. | ) |
| | ) Magistrate Judge Patricia L. Dodge |
| SUPERINTENDENT BARRY R. SMITH and DISTRICT ATTORNEY OF FAYETTE COUNTY, | ) |
| Respondents. | ) |

## MEMORANDUM

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF 1) filed by John T. Stagner ("Petitioner") under 28 U.S.C. § 2254. Petitioner challenges the judgment of sentence imposed on him by the Court of Common Pleas of Fayette County on March 18, 2005 at criminal docket numbers CP-26-CR-795-2004 and CP-26-CR-804-2004. For the reasons below, the Court will deny the Petition with prejudice because each of Petitioner's claims for habeas relief are time-barred and will deny a certificate of appealability.

**I.      Relevant Background[2]**

On December 7, 2004, Petitioner appeared before the Court of Common Pleas of Fayette County and entered a general plea of guilty to the charges of possession of child pornography, sexual abuse of children, involuntary deviate sexual intercourse, aggravated indecent assault,

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] Respondents attached as exhibits to their Answer (ECF 16) the relevant state court filings and decisions. The documents will be cited to as follows: "Resp's Ex. ___ ."

1

corruption of minors and indecent assault. (Resp's Exs. 1, 2.) Petitioner was represented by Assistant Public Defender David Kaiser ("trial counsel").

The trial court sentenced Petitioner on March 18, 2005 to an aggregate term of not less than 20 years and 7 months to 75 years of imprisonment. At the conclusion of Petitioner's sentencing hearing, the trial court advised him that he had 10 days to file a post-sentence motion, and that if he did not file such a motion he had 30 days in which to file a direct appeal with the Superior Court of Pennsylvania. Petitioner stated that he understood his right to file a post-sentence motion and a direct appeal. (Resp's Exs. 3, 4.)

On March 30, 2005, Petitioner filed, pro se, a premature petition for collateral relief. (Resp's Ex. 5.) On April 5, 2005, the trial court denied that motion because "the time for filing [a] direct appeal has not expired." (Resp's Ex. 6.)

Petitioner did not file a direct appeal with the Superior Court. Thus, his judgment of sentence became final under both state and federal law on or around April 17, 2005, when the 30-day period for him to file an appeal expired. 42 Pa. Cons. Stat. § 9545(b)(3); Pa.R.A.P. 903; 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012).

On January 6, 2006, Petitioner filed another pro se petition for collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 et seq. (Resp's Ex. 7.) The trial court, now the PCRA court, appointed Attorney Mark Mehalov ("PCRA counsel") to represent Petitioner. A counseled amended PCRA petition was then filed asserting that trial counsel was ineffective because he failed to: (1) challenge in a pre-trial motion the search of Petitioner's residence; (2) conduct a preliminary investigation before Petitioner's omnibus pre-trial proceeding to uncover the procedural errors of the police in their search of his residence;

(3) conduct any investigation into Petitioner's treatment history or speak with Petitioner to ascertain other relevant information to aid the defense; and (4) file a direct appeal. (Resp's Ex. 9.)

Following a hearing, the PCRA court denied the amended PCRA petition in an order dated June 2, 2006. The court noted that Petitioner admitted under oath at the hearing on his amended PCRA petition that he was guilty of all the crimes for which he was convicted. (Resp's Ex. 10.) Petitioner did not file an appeal of the PCRA court's order. (*See* Resp's Ex. 18 at p. 34.)

More than ten years later, in December 2016, Petitioner filed with his trial court a pro se "motion for dismissal of charges." He argued that the trial court purposely misdated orders recording the date on which he entered his guilty plea to "obfuscate" the fact that his sentencing hearing was allegedly held outside the 90-day period set forth under Rule 704 of the Pennsylvania Rules of Criminal Procedure. Petitioner also claimed that trial counsel was ineffective for "compel[ing him] to plead guilty to all charges" and for not objecting to the alleged untimely sentencing hearing. (Resp's Ex. 10.) The trial court, which construed Petitioner's motion as another PCRA petition, dismissed this petition without a hearing. (Resp's Exs. 12, 13.) Petitioner filed a pro se appeal to the Superior Court.

On April 20, 2018, the Superior Court issued its opinion quashing Petitioner's appeal due to the numerous defects in his appellate brief that prevented it from conducting a meaningful review. (Resp's Ex. 16.) Petitioner then filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which that court denied on January 29, 2019. (Resp's Ex. 17.)

More than thirteen months later, Petitioner commenced this federal habeas proceeding. He filed his Petition for a Writ of Habeas Corpus at the very earliest on March 8, 2020, which is the date he claims he placed it in the prison mailing system. (ECF 1 at p. 8.) He raises these claims:

3

| | | |
|---|---|---|
| Claim 1: | | The Common Pleas Court lacked jurisdiction to prosecute him and trial counsel was ineffective for failing to investigate the facts of the case and for failing to file a direct appeal; |
| Claim 2: | | Trial counsel was ineffective for failing to object to the trial court's defective plea colloquy and the fact that his sentencing hearing was held 101 days after his plea hearing. |
| Claim 3: | | "In 2016, I was reviewing the Fayette County Criminal Docket, for case No. 795 of 2004, and discovered discrepancies between the date indicated on the Docket, versus the actual date of the proceedings[.]"[3] |

(ECF 1 at pp. 6-7). Petitioner asserts that his claims implicate his right under the First, Fifth, Sixth, Ninth and Fourteenth Amendments. (*Id.* at 7.)

In the Answer (ECF 16), Respondents assert that the Court should deny Petitioner's claims because they are time-barred under the applicable one-year statute of limitations, which is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and codified at 28 U.S.C. § 2244(d).[4] Petitioner filed a Reply (ECF 25), but he did not respond to Respondents' argument that his claims are untimely.

---

[3] Petitioner may also be claiming that PCRA counsel was ineffective. This claim is not cognizable because Petitioner did not have a federal constitutional right to counsel during his PCRA proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Therefore, he cannot receive habeas relief on a stand-alone claim that his PCRA counsel was ineffective, a fact codified by statute at 28 U.S.C. § 2254(i), which expressly provides that "[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254." Moreover, to the extent that Petitioner is claiming that errors occurred during his 2016 PCRA proceeding (*see* ECF 1 at p. 6), such claims are not cognizable either. *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) (the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding is not cognizable); *Lambert v. Blackwell,* 387 F.3d 210, 247 (3d Cir. 2004) ("[A]lleged errors in collateral proceedings are not a proper basis for habeas relief from the original conviction.")

[4] Respondents also assert that Petitioner procedurally defaulted his claims. The Court's disposition on timeliness makes it unnecessary to reach this additional issue.

## II.    Discussion

### A. Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state-court judgment. It permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *Id.*; *see, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is Petitioner's burden to prove that he is entitled to the writ. *See, e.g.*, *Vickers*, 858 F.3d at 848-49.

In 1996, Congress made significant amendments to the federal habeas statutes with the enactment of AEDPA, which "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403-04 (2000)). AEDPA reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (internal quotations and citation omitted).

AEDPA substantially revised the law governing federal habeas corpus. Among other things, AEDPA set a one-year limitations period for filing a federal habeas petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).

### B. Petitioner's Claims are Time-barred

AEDPA's statute of limitations is codified at 28 U.S.C. § 2244(d) and it requires, with a few exceptions not applicable here, that habeas corpus claims under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C.

§ 2244(d)(1)(A).[5] AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

As explained above, Petitioner's judgment of sentence became final on or around April 17, 2005. Petitioner filed a PCRA petition 264 days later, on January 6, 2006.[6] Under § 2244(d)(2), this first PCRA proceeding statutorily tolled AEDPA's limitations period beginning on January 6, 2006. The PCRA proceeding remained pending through on or around July 2, 2006, which is the last date that Petitioner could have appealed the PCRA court's June 2, 2006 order denying him relief. *Swartz v. Meyers*, 204 F.3d 417, 419-20 (3d Cir. 2000).

AEDPA's limitations period began to run again the next day, on July 3, 2006. Because 264 days had expired already from the limitations period, Petitioner had 101 more days—until on or around October 12, 2006—to file a timely federal habeas petition. He did not file his Petition until March 8, 2020, thereby making the claims he raised in the Petition untimely by more than 13 years.

The Supreme Court has held that AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. Petitioner does not argue that he is entitled to equitable tolling, nor has he directed the Court to

---

[5] The date upon which AEDPA's one-year limitations period commenced is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004). In this case, the statute of limitations for each of Petitioner's claims began to run on the date his judgment of sentence became final in accordance with § 2244(d)(1)(A). The remaining of provisions § 2244(d)(1) do not apply to any of Petitioner's claims. 28 U.S.C. § 2244(d)(1)(B)-(D).

[6] Since AEDPA's statute of limitations expired years before Petitioner commenced his 2016 PCRA proceedings, that proceeding could not serve to statutorily toll the limitations period.

anything in the record to support a determination that equitable tolling would be appropriate in this case.

Another exception to AEDPA's statute of limitations is the "miscarriage of justice" exception. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court recognized that the actual-innocence "gateway" to federal habeas review developed in *Schlup v. Delo*, 513 U.S. 298 (1995) for procedurally defaulted claims extends to cases in which a petitioner's claims would otherwise be barred by the expiration AEDPA's one-year statute of limitations. This exception provides that a petitioner's failure to comply with AEDPA's one-year limitations period may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup*, 513 U.S. at 316. Where, as is the case here, the petitioner pleaded guilty, he also must establish his actual innocence not only of the count to which he pleaded guilty, but also the other charges the government excused in the plea bargaining process. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). The "miscarriage of justice" exception only applies in extraordinary cases in which the petitioner shows that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup*, 513 U.S. at 316. This is not one of the rare cases in which the miscarriage of justice rule is implicated.

Based on the above, each of Petitioner's federal habeas claims are time-barred. For this reason, the Court will deny the Petition with prejudice.

### III.    Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate

of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied as untimely. Thus, a certificate of appealability is denied with respect to each claim.

**IV.    Conclusion**

The Court will deny the Petition with prejudice because all claims asserted in it are time-barred and will deny a certificate of appealability with respect to each claim.

An appropriate Order follows.


Date:  October 31, 2022                                /s/ Patricia L. Dodge
                                                      PATRICIA L. DODGE
                                                      United States Magistrate Judge